```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL UNION 929 RETIREMENT PLAN f/k/a TEAMSTERS LOCAL 929 SUPPLEMENTAL INCOME PLAN, | 1:16-cv-02034-NLH-JS<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |
|         Plaintiff,<br>   v.<br><br>HPT FOODS, INC.<br>doing business as<br>HOPE PLAZA THRIFTWAY,<br><br>        Defendant. | |

**APPEARANCES**:

SUSAN A. MURRAY
FREEDMAN & LORRY, PC
1601 MARKET STREET
Suite 1500
PHILADELPHIA, PA 19103
    On behalf of Plaintiff

**HILLMAN, District Judge**

    WHEREAS, pending before the Court is the motion of Plaintiff, Board of Trustees of the Teamsters Local Union 929 Retirement Plan f/k/a Teamsters Local 929 Supplemental Income Plan, for default judgment against Defendant, HPT Foods, Inc., which operated as Hope Plaza Thriftway, for unpaid contributions, contractual liquidated damages, statutory interest and attorneys' fees and costs incurred by Plaintiff pursuant to 29 U.S.C. §§ 185(a) and 1132(g)(2); and

    WHEREAS, Section 515 of the Employee Retirement Income

Security Act, 29 U.S.C. § 1145, provides that "[e]very Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement"; and

    WHEREAS, Plaintiff claims that Defendant has failed to pay contributions in the estimated amount of $9,752.40 to the Fund from the period from July 1, 2015 to March 27, 2016, when Defendant ceased operations.  In addition, Defendant owes liquidated damages in the amount of $1,411.26, which is for late-paid contributions - $436.02 - for the period from March 2015 to June 2015, plus $975.24 representing 10% liquidated damages on contributions owed from July 2015 to March 2016.  Defendant also owes interest on the delinquent contributions in the amount of $156.77 through July 10, 2016 and attorneys' fees and costs totaling $3,397.00 through June 19, 2016; and

    WHEREAS, because Defendant failed to respond to several letters Plaintiff sent to Defendant demanding payment of the outstanding liquidated damages and requesting the production of records in order to conduct a payroll audit, Plaintiff instituted the instant suit against Defendant; and

    WHEREAS, Defendant was served with Plaintiff's amended complaint on May 2, 2016; but

    WHEREAS, Defendant failed to file an answer or otherwise

appear, and on May 31, 2016, the Clerk granted Plaintiff's request for the entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a); and

WHEREAS, because Defendant still has not appeared in this action, Plaintiff has filed the instant motion for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b); and

WHEREAS, although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citation omitted); and

WHEREAS, the decision to enter a default judgment is left to the Court's discretion, but "'in exercising its discretion, the trial court must consider three factors: 1) whether the plaintiff will be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable misconduct.'" International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund v. N. Abbonizio Contractors, Inc., 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)); and

WHEREAS, with regard to the second two factors, the Court

finds that because Defendant was properly served but has failed to appear in this action, it is unknown whether Defendant has a meritorious defense to Plaintiff's claims, and the inference is that Defendant's default was the result of its own culpable misconduct; and

WHEREAS, with regard to the first factor, the Court finds that Plaintiff will be prejudiced if default judgment is not entered against Defendant, because under ERISA, a plan is still required to pay benefits to participants regardless of whether an employer makes its contributions to the plan, and "[i]f the plan at issue is part of a multi-employer contribution system, as here, any delinquent contributions owed by a covered employer impairs the plan's ability to pay both the beneficiaries of the delinquent employer as well as employees of companies who have made their contributions."  Id. (citing 29 C.F.R. § 2530.200b-2) (other citation omitted); and

WHEREAS, if an employer fails to make the contributions as required by the collective bargaining agreement and Section 515, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which provides for the mandatory award of the following if a judgment under Section 515 is entered in the Fund's favor:

(A)   the unpaid contributions,

(B)   interest on the unpaid contributions,

4

    (C)  an amount equal to the greater of:

        (i)  interest on the unpaid contributions; or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

    (D)  reasonable attorney's fees and costs of the action, to be paid by the Defendant, and

    (E)  such other legal or equitable relief as the court deems appropriate; and

WHEREAS, the Court finds that Plaintiff has provided competent documentation to support its demand 29 U.S.C. §§ 185(a) and 1132(g)(2) for unpaid contributions, contractual liquidated damages, statutory interest and attorneys' fees and costs;

THEREFORE,

IT IS on this   10th   day of   January  , 2017 ORDERED that Plaintiff's Motion for Default Judgment [11] be, and the same hereby is, GRANTED.  An Order of Judgment will be entered separately.

                                                  s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.